**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-08-762 (2) |
| | § | |
| JACINTO LIRA, | § | |
| Defendant-Movant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO REDUCE SENTENCE**

Pending before the Court is an undated *pro se* letter motion from Jacinto Lira.  The letter was received by the Court on November 10, 2009.  The Clerk is directed to docket the document as of November 10, 2009 as a motion to reduce sentence.

In his letter, Lira proposes an "alternative" sentence for himself  Specifically, he explains that he wants to begin a program for high-risk youths that is run by ex-convicts and involves the youth in various sports programs.  He believes that his proposed program will not only help the kids involved, but will also help to assist the ex-convicts in "mainstreaming back into society."  He asks that the Court reduce his sentence but give him "more probation time" so that he may start his proposed program.

Lira pleaded guilty to one count of conspiracy to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. (D.E. 18 (indictment); D.E. 45, 47.)  He was sentenced by this Court on October 23, 2009 to a 96-month term in the custody of the Bureau of Prisons, to be followed by a five-year

term of supervised release.  (D.E. 84, 89.)  The Court also imposed a $100 special assessment.  (D.E. 84, 89.)  Judgment was entered against him on October 28, 2009.  (D.E. 89.)  He did not appeal.

As noted, in his pending letter motion Lira asks for a shorter prison sentence with a longer probation term so that he may start and supervise his proposed youth sports program. Although Lira does not identify any statute pursuant to which he seeks relief, the Court construes his motion as requesting a reduction in sentence pursuant to 18 U.S.C. § 3582. This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c).  United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997).  These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements.  See § 3582(c).

Lira's grounds for relief do not fall within any of the categories above.  Therefore, the Court does not have authority to alter his sentence and his motion is DENIED.

## **CONCLUSION**

For the foregoing reasons, the Clerk is directed to docket Lira's letter as a motion to reduce sentence.  The motion to reduce sentence is DENIED.

It is so ORDERED this 21st day of January, 2010.

_Hayden Head_

HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE

3