IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | Cr. No. C-08-762 |
| | § | |
| JACINTO LIRA. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING MOTION FOR SUPERVISED RELEASE TIME TO BE CREDITED TO SENTENCE/PROBATION PURSUANT TO 18 U.S.C. § 3582(b)**

Pending before the Court is Jacinto Lira's' (Lira's) motion seeking credit on his sentence for time spent on pretrial supervised release. D.E. 100. He claims entitlement to relief based upon 18 U.S.C. § 3582(b). As discussed in more detail herein, the Court DISMISSES Lira's motion without prejudice because the claims raised herein must be raised in a different proceeding.

18 U.S.C. § 3582(b) permits modification of previously imposed sentences on three limited grounds. Lira does not invoke any of those grounds. As a result this Court is without authority to modify his sentence.

Because Lira is seeking sentencing credit from the Bureau of Prisons, the proper vehicle for raising such a challenge is a petition pursuant to 28 U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations

1

omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

If Lira wishes to challenge the BOP's calculation of sentencing credit pursuant to 28 U.S.C. § 2241, he must file his petition in the district where he is incarcerated. See Pack, 218 F.3d at 451. The return address on Lira's motion reflects that he is incarcerated in Jesup, Georgia, which is located in the Brunswick Division of the Southern District of Georgia.[1] Thus, assuming Lira remains incarcerated in Jesup, Georgia, Lira should file any § 2241 petition in that court, after first exhausting his administrative remedies.[2] Lira's motion is dismissed without prejudice to the filing of a petition for relief pursuant to § 2241.

## CONCLUSION

For the foregoing reasons, Lira's § 3582(b) motion (D.E. 100) is DISMISSED WITHOUT PREJUDICE. The Clerk is instructed to send Lira forms to file a petition pursuant to 28 U.S.C. § 2241.

It is so ORDERED this 20th day of April 2011.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE

---

[1] 28 U.S.C. 90. Jesup Georgia is in Warren County.

[2] The law requires that a defendant exhaust available administrative remedies through the Bureau of Prisons before litigating in federal court the matter of computation of sentence. United States v. Wilson, 503 U.S. 329, 335 (1992).